IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALPHA REAL ESTATE HOLDINGS, L.P., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JABBES 6, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br><br><br> Case No. 2:10-cv-1210 <br><br> Judge Dee Benson |

Before the court is Defendant Jabbes 6, Inc. and Defendant Renee Dalesandro's Motion to Transfer Venue from the United States District Court for the District of Utah to the United States District Court for the Northern District of Ohio, Eastern Division, Youngstown, Ohio.

**BACKGROUND**

Plaintiff Alpha Real Estate Holdings ("Alpha") is a Delaware limited partnership with its offices located in Utah County, Utah. Defendant Jabbes 6, Inc. ("Jabbes") is an Ohio corporation with its principal place of business in Ohio, and Defendant Renee Dalesandro ("Dalesandro") is an Ohio citizen (Jabbes and Dalesandro are collectively referred to as the "Defendants"). Dalesandro is an Ohio licensed real estate agent and works as an independent

1

contractor for Jabbes.

In 2009, Alpha and Jabbes entered into numerous contracts whereby Jabbes agreed to manage the improvement, renovation, and subsequent rental or sale of approximately 66 residential properties owned by Alpha in the state of Ohio. After entering into these contracts with Alpha, Jabbes contends that it entered into several additional contracts with subcontractors to perform the improvement and renovation of the 66 residential properties. All of the agreements between Jabbes and the subcontractors took place exclusively in Ohio and all of the subcontractors are located in Ohio.

Alpha claims that it paid Jabbes approximately $350,000 for the improvement and renovation of Alpha's residential properties. However, Alpha contends that it discovered in July 2010, that Jabbes was not completing the repairs as it had represented. Instead, Alpha alleges that Jabbes was providing Alpha with fake invoices from a company owned in part by Dalesandro and that the Defendants were simply pocketing the money sent by Alpha.

## DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section is "'intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Moreover, the party moving to transfer

the case bears the burden of establishing that the existing forum is inconvenient. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

In considering this motion to transfer venue, we must determine whether the case could have originally been brought in the transferee court. Alpha does not dispute in its opposition memorandum that the case could have been originally filed in Ohio and the court finds that, in fact, the case could have been properly filed in Ohio from the outset. Next, the court must consider whether the convenience of the parties and witnesses, as well as the interests of justice, are served by transfering the action to the transferee forum. To do so, the court analyzes the following factors:

> *First*, the plaintiff's choice of forum. *Second*, the access of witnesses, including the availability of compulsory process to insure attendance of witnesses, as well as other sources of evidence. *Third*, the cost associated with presenting the required evidence in the case. *Fourth*, the enforceability of a judgment if one is obtained. *Fifth*, the relative advantages and obstacles to a fair trial. *Sixth*, any difficulties that may arise from congested dockets. *Seventh*, the possibility of the existence of issues arising in the area of conflict of laws. *Eighth*, the advantage of having a local court determine questions of local law. And, *ninth*, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Star Stone Quarries, Inc. v. Garland*, 300 F.Supp.2d 1177, 1182 (D. Utah 2003). Furthermore, the Tenth Circuit Court of Appeals has required the movant to demonstrate that the factors strongly favor a transfer of venue in order for such a motion to be granted. *Employers Mut. Cas. Co.*, 618 F.3d at 1168, n.13.

While the plaintiff's choice of forum is generally given great deference, courts will accord little weight to a plaintiff's choice of forum when the facts lack a significant connection to the chosen forum. *Id.* at 1167-68. In this case, although Alpha chose to file its action in the

District of Utah, the relevant facts lack a material or significant connection to Utah. The only apparent connections to Utah are that Alpha has offices located in Utah and that six of Alpha's witnesses live in Utah. In contrast, the Defendants have shown that the vast majority of witnesses live in the state of Ohio.[1] These witnesses include the subcontractors used by Jabbes, the suppliers of goods and materials purchased for the improvement and maintenance of the properties, and the individuals who rented or purchased the properties. Moreover, all of the residential properties, which are directly at the heart of this action, are located exclusively in Ohio. Accordingly, the Defendants have presented sufficient facts to overcome the presumption in favor of the plaintiff's chosen forum.

In addition, the accessibility of witnesses and other sources of evidence strongly favors transferring the case to Ohio. As mentioned above, the overwhelming majority of witnesses reside in Ohio. If the District of Utah were to retain jurisdiction and venue over this matter, it would lack compulsory power to assure the attendance at trial of most of the necessary witnesses because they reside far beyond 100 miles of this court. Also, because this case revolves around whether, and to what extent, Jabbes performed work on Alpha's residential properties in Ohio, the bulk of the physical and documentary evidence is necessarily located in Ohio. Indeed, the most crucial pieces of evidence would be the 66 residential properties themselves, which are exclusively located in Ohio. These facts also indicate that it would be less expensive to litigate this case in Ohio, where most, if not all, of the relevant evidence is located.

Considerations regarding the enforceability of a judgment and obstacles to a fair trial

[1]The Defendants have identified and provided locations for nearly 200 witnesses who are all Ohio residents.

also favor transfer to Ohio. If this case were to remain in Utah, the Defendants would be unable to join, as third-party defendants, the Ohio companies and individuals who performed work on the properties as construction contractors, subcontractors, and suppliers of materials because Utah would most likely lack personal jurisdiction over them. The Defendants would be forced to file a separate action in Ohio against those parties after litigating the same issues in a Utah court. Such a result would be a waste of judicial resources and would create the risk of producing inconsistent judgments.

Finally, the question of which state's law to apply also favors transfer to Ohio. Utah's conflict of law rules dictate that Utah will apply the law of the state with the most significant relationship to the underlying action. *Records v. Briggs*, 887 P.2d 864, 867 (Utah Ct. App. 1994). As has been demonstrated above, most, if not all, of the relevant facts took place in Ohio. Accordingly, Ohio most likely has the most significant relationship to the underlying action, and an Ohio court is better suited than a Utah court to handle issues dealing with the application of Ohio law.

Therefore, after considering all applicable factors relevant to a motion for transfer of venue, the court finds that the factors strongly favor transferring this case to the United States District Court for the Northern District of Ohio, Eastern Division, Youngstown, Ohio.

## CONCLUSION

The Defendants' Motion to Transfer Venue from the United States District Court for the Central Division of Utah to the United States District Court for the Norther District of Ohio, Eastern Division, Youngstown, Ohio, is GRANTED.

5

IT IS SO ORDERED.

DATED this 6th day of April, 2011.

_____
Dee Benson
United States District Judge

I hereby certify that the annexed is a true and correct copy of a document or an electronic docket entry on file at the United States District court for the District of Utah.
# of pages 6
Date: 4-12-11
D. MARK JONES, Clerk
By: _____
Deputy Clerk

Case 2:10-cv-01210-DB Document 24 Filed 04/07/11 Page 6 of 6